**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **YIMOE SIDDHA,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-25-954** |
| **HEATHER S. DEWEES,** | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION

Yimoe Siddha, a prisoner currently incarcerated at Maryland Correctional Institution-Jessup who is proceeding without counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Heather S. DeWees, Clerk of the Circuit Court for Carroll County, Maryland. Siddha alleges that DeWees violated his rights to due process and access to the courts when she failed to process paperwork he filed challenging his state court criminal conviction. ECF 1.

DeWees filed a motion to dismiss or, in the alternative, for summary judgment. ECF 15. Siddha filed a motion for default judgment, a motion to strike DeWees's dispositive motion, and an opposition to the dispositive motion. ECF 17, 18, & 19. DeWees opposed Siddha's motions for default and to strike and filed a reply in support of her dispositive motion. ECF 20, 21, & 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Siddha's motions are denied, and DeWees's motion, treated as a motion to dismiss, is granted.[1]

---

[1] Siddha moved for a default judgment and to strike DeWees's dispositive motion based on his mistaken belief that the dispositive motion was untimely filed. ECF 20 & 21. DeWees sought and was granted an extension of time to January 14, 2026 to respond to Siddha's complaint, and she then filed her dispositive motion on that date. ECF 13, 14 & 15. Accordingly, there is no basis for granting default judgment or striking DeWees's dispositive motion.

## I. Background

On April 8, 2024, Siddha filed a request for waiver of the costs to assemble the record in his criminal case in the Maryland Circuit Court for Carroll County and a request for waiver of the filing fees for an appeal in the Appellate Court of Maryland. ECF 1, at 3; ECF 1-8. On April 17, 2024, Judge Richard Titus denied Siddha's request for fee waiver, and Siddha was advised that if he did not pay the costs, his appeal would be considered withdrawn. ECF 1-9. On May 3, 2024, Judge Titus entered an order directing the court clerk "to provide [Siddha] with a written summary of the estimated costs for assembly of the record as well as the required appellate filing fees on or before May 15, 2024." ECF 1-11. Siddha was advised that, if he did not pay the costs and fees by May 31, 2024, the court would strike his notice of appeal. *Id.*

Siddha alleges that DeWees falsely stated that she provided Siddha with an estimated cost for assembling the record and appellate fees on or before May 15, 2024. ECF 1, at 3–4. Siddha denies receiving the estimate and requested that another copy of the estimated costs be resent to him with the time stamp and "e-file" notations. *Id.* at 4. He also filed a request for a hearing on his request for fee waiver. *Id*. Siddha asserts that DeWees "has a history of denying [him] his right of access to the courts and his rights to due process[.]" *Id.* at 3. The state court filings Siddha attached to his verified complaint show that, on May 6, 2024, DeWees wrote to Siddha to advise him that the fee for his appeal was $121.00. ECF 1-10.

Instead of paying the fee, Siddha filed a motion for reconsideration of the order denying the fee waiver. ECF 15-9. On June 3, 2024, the state circuit court denied the motion for

reconsideration. *Id.* Because Siddha had not paid the requisite filing fees, the court struck his appeal. *Id.*[2]

In early 2025, Siddha filed a petition for a writ of habeas corpus in the Circuit Court for Carroll County, Case No. C-06-CV-25-0029, challenging his state criminal conviction in *Siddha v. State*, Case No. 06-K-15-046821. *See* ECF 1-4, at 2; ECF 1, at 3. He submitted an affidavit of indigency with his petition. ECF 1-5. On February 5, 2025, the state court granted his request for a fee waiver in his habeas case. ECF 1-4, at 1. On February 24, 2025, the state court denied Siddha's habeas petition. ECF 1-3, at 1 (notice of appeal).

On March 8, 2025, Siddha filed a notice of appeal of the denial of his habeas petition. *Id.* He included the affidavit of indigency he previously submitted and the February 5, 2025 order granting his request for a fee waiver. ECF 1-2, 1-4. In a March 12, 2025 letter, the Circuit Court for Carroll County rejected Siddha's notice of appeal because he failed to pay the $121 filing fee. ECF 1-1. The court advised that he must pay the filing fee or seek fee waivers in both the circuit and appellate courts. *Id.* The court cautioned that "[a] prior waiver for the Circuit Court cannot be used; a new waiver must be filed." *Id.*

Siddha alleges that DeWees failed to comply with procedures governing the conduct of Maryland Court Clerks and that DeWees's conduct hindered his ability to obtain a fee waiver. ECF 1, at 4. He claims that, because of her conduct, he was deprived of due process and access to courts because he could file a notice of appeal in his habeas case. ECF 1, at 4. As relief, Siddha asks for his appeal in his habeas case to be filed, and he requests declaratory and injunctive relief and monetary damages. *Id.* at 6–7.

---

[2] The Court judicially notices the June 3, 2024 state court order, ECF 15-9, pursuant to Fed. R. Evid. 201(b).

The defendant moves to dismiss Siddha's complaint for lack of jurisdiction and for failure to state a claim or, alternatively, for summary judgment. ECF 15.

## II. Standard of Review

DeWees argues that the claims against her in her official capacity are barred by Eleventh Amendment immunity. *See* ECF 15-1, at 7. This is a jurisdictional issue. *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 167 (4th Cir. 2023) ("Eleventh Amendment immunity presents a jurisdictional question that may bar a suit from advancing to the merits" unless there is an "unequivocal expression of consent from a state") (internal citation omitted); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (holding Eleventh Amendment immunity is "an immunity from suit rather than a mere defense to liability") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The plaintiff, as the party asserting jurisdiction, bears the burden of establishing it. *Id.* Where, as here, the defendant contests subject matter jurisdiction "by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper"—a facial challenge to jurisdiction—the plaintiff "is afforded the same procedural protections as he would receive under a Rule 12(b)(6) consideration[.]" *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)) (internal quotation marks omitted). Dismissal for lack of subject matter jurisdiction is proper "where a claim fails to allege facts upon which the court may base

jurisdiction." *Davis*, 367 F. Supp. 2d at 799 (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

DeWees also argues that Siddha has failed to state a claim. Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that [the] defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the court must accept the allegations as true and "draw all reasonable inferences in favor of" the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). But the court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d

230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

The court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The court also may consider judicially noticed facts and documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015); Fed. R. Evid. 201(b). Because the Court does not need to consider matters outside the pleadings to resolve DeWees's motion, the Court treats the motion as a motion to dismiss.

Siddha does not have counsel. "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers[.]'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 212, 214).

## III. Analysis

Under Section 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615-16 (4th Cir. 2009).

### A. Official Capacity Claims

DeWees asserts that, under the Eleventh Amendment, she is immune from claims against her in her official capacity. "[A] suit against a state official in his or her official capacity is . . . a suit against the official's office" and thus is the equivalent of "a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state unless the state consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.

In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law." *See Lee-Thomas v. Prince George's Cnty.*

*Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). The first exception, abrogation by Congress, does not apply here. Congress did not abrogate Eleventh Amendment immunity for § 1983 claims in federal court. *See Will*, 491 U.S. at 66. The second exception applies to Siddha's request for prospective injunctive relief. *See, e.g.*, ECF 1, at 6 (requesting, among other things, that DeWees pay the security bond, produce evidence, and forward Siddha's notice of appeal.)

Siddha's claims for damages against DeWees in her official capacity are barred by the Eleventh Amendment and are dismissed without prejudice for lack of subject matter jurisdiction. The Eleventh Amendment does not bar Siddha's claims for injunctive relief against DeWees in her official capacity.

**B. Absolute Immunity**

DeWees also asserts that she, as the Clerk of Court for Carroll County Circuit Court, "is [a]bsolutely [i]mmune from [s]uit." ECF 15, at 9.

"Judges are absolutely immune from suit for a deprivation of civil rights for actions taken within their jurisdiction." *Foster v. Fisher*, 694 F. App'x 887, 888 (4th Cir. 2017) (per curiam) (cleaned up); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("[J]udges of courts of superior or general jurisdiction are not liable [in] civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."). "[C]ourt clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction." *Hamilton v. Murray*, 648 F. App'x 344, 345 (4th Cir. 2016). This immunity is intended "to avoid the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Okere v. High*, No. DKC-16-2152, 2016 WL 7405434, at

*2 (D. Md. Dec. 22, 2016) (quoting *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (alteration in original) (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989))).

Siddha's allegations against DeWees concern her duties as the Clerk of the Court under the direction of judicial officers: filing letters on the docket and responding to Siddha's filings. DeWees undertook these tasks at the court's direction. Thus, Siddha's claims for prospective injunctive relief against DeWees in her official capacity as Clerk of the Court are barred by derivative absolute judicial immunity. The claims are dismissed.

**C. Failure to State a Claim**

Alternatively, DeWees argues that Siddha's claims are subject to dismissal for failure to state a claim.

Even if DeWees were not immune from suit, Siddha could not state a due process claim under § 1983 based on DeWees's alleged failure to respond properly to his request for a fee estimate. The alleged conduct does not amount to a constitutional violation. At best, it amounts to negligence, which is not actionable under § 1983 because "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Siddha also could not state a claim for denial of access to the courts based on the dismissal of his notice of appeal for failure to pay the fee. To state a claim for denial of access to courts, a plaintiff must allege "'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 350, 355 (1996)); *see Lewis*, 518 U.S. at 351–52. That is, the plaintiff must allege that the defendants "frustrated or . . . impeded" a "nonfrivolous legal claim." *Lewis*, 518 U.S. at 353. And, the plaintiff "must . . . identify an actual

injury resulting from [that] official conduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (citing *Strickler v. Waters*, 989 F.2d 1375, 1382–85 (4th Cir. 1993)); *see also Pronin v. Johnson*, 628 F. App'x 160, 161 (4th Cir. 2015) (noting "a prisoner must demonstrate that he suffered an actual injury, such as missing a court-imposed deadline or being unable to file a complaint because of the Defendants' actions" (citing *Lewis*, 518 U.S. at 351–52)).

The right of access "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* The description of the predicate claim must be sufficient to allow an assessment of whether it was "nonfrivolous" or "arguable." *Id.*

Here, Siddha alleges that, because his notice of appeal was dismissed, he was unable to file a timely appeal. But the Court cannot discern from his allegations whether his appeal was "nonfrivolous" or "arguable." *See Christopher*, 536 U.S. at 415; *see also Hurt v. Fann*, Civ. No. DKC-14-873, 2015 WL 1210541, at *5 (D. Md. Mar. 16, 2015) (noting, to "prevail on a claim he has been denied meaningful access to the courts, Plaintiff must allege more than a missed deadline or opportunity to file an action in court"). Siddha fails to state a claim for denial of access to the courts.[3]

[3] Having resolved Siddha's claims, the Court need not consider DeWees's additional defenses.

## IV. Conclusion

In sum, DeWees's motion, treated as a motion to dismiss, is granted. Siddha's motions for default judgment and to strike are denied. Siddha's claims are dismissed without prejudice. A separate Order follows.

Date: August 27, 2026

Deborah L. Boardman
United States District Judge